FILED

2020 Mar-30  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT

COURT FOR THE ~~Southern~~ Northern DISTRICT

OF ALABAMA Eastern Division

2020 MAR 30  P 2:33

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| NELLIE PATTON , | ) |
| Plaintiff , | ) |
| | ) |
| | ) |
| V. | ) |
| | ) Civil No. 1:20cv 441-ACA |
| | ) TO BE SUPPLIED BY CLERK |
| | ) |
| | ) |
| ANNISTON ARMY DEPOT Et. Al, | ) |
| Defendants, | ) |
| | ) |
| | ) |

NOTICE OF CONSTITUTIONAL

VIOLATIONS

JURISDICTIONAL STATEMENT

Jurisdiction of this Honorable Court is properly conferred

pursuant to the Due process, Equal protection Clauses to the U.

S.C. , the Age Discrimination Act of 1975, the Civil Rights Act

of 1968,Title VII of the Civil Rights Act of 1964, The Civil

Rights Act of 1991. the NLRA,Section 2302(b) of Title 5 of the

U.S. Code and the EEOC.

## STATEMENT OF THE CASE

The Plaintiff would respectfully set forth that she was ori-

ginally employed by Anniston depot on or around the 10th day of

March  201_4_ as an "Term" Employee based on a merit or system
of Job necessity (Work Availability) could result in permanent
employment at the depot.

   The Plaintiff would respectfully allege and set forth that
she had maintained an impeccable work ethic, attendance, and per-
formance up and until she was alleged to have been caught "sleep-
ing on the job"on or around the_18th_day of_Oct____2019, and on Oct
26, 2019 ( Two (2) times.


   Your plaintiff would further allege and set forth that
she and a union representative, to-wit:_____agreed
to "Arbitration"/"Mediation" of the matter and a contract was  a-
greed to by the parties as follows:
Please see Exhibit # "A" and 2 of "A" addended hereto. (Incident
Reports of the two (2) incidents.

   The Implied Contract stated as follows:

   A. ..." Proposed Suspension. "
   The proposed Contract stated in pertinent part:

   " In making this proposal, I took the following factors in-
to consideration: A.) your three (3) years of Federal service;B.)
your Fully Successful and Exceptional performance evaluations;
C.) your training record and your record of clear conduct. Not-
withstanding those facts, sleeping on duty is a serious offense,
and it is inexcusable and unacceptable behavior especially since
you were observed sleeping on duty not once but twice. When you
are sleeping on the job you are not being productive and the mis-
sion of the agency is adversely impacted . It has an negative im-

pact on the work product provided to our most valued customer, the soldier in the field. Your actions are a disapointment to me. I believe that any penalty less than a one (1) work day suspension would be ineffective in impressing upon you the seriousness of your misconduct...That propoeed and adoptive action (Con -tract ) is addended hereto verbatim therein in full and marked as Ex. "B" pg. 1-7.

CONSTRUCTIVE TERMINATION

BASED ON RACE, AGE,SEX

_____

Your Plaintiff would respectfully set forth that she is an 6*6* year old black female citizen of the United States of America and is thus an Protected Class in three (3) material aspects.

Your Plaintiff would respectfully set forth that she clearly has an legal right to secure gainful employment in the U.S. of A-merica notwithstanding sex, age, race or national origin. She fur -ther sets forth that after she was wrote up for said incident(s) ,agreed to arbitration/mediation, and that it was determined that she would only receive a one(1) day work suspension, she had an expectation based on the Arbitration/Mediation Agreement that she would remain employed at the Anniston, AL. Army depot. The Con-tract and expectation that she would remain employed is not only "implied" but clear, unambiguous and concise. Any citizen of com-mon understanding subsequent to the praise, and acknowledgements relative to your Plaintiffs work record and performance would be-

-3.-

or have believe that their Job was secure notwithstanding the named incidents. However, notwithstanding same, your Plaintiff would respectfully allege and set forth that on the 3rd day of __FEB.__ 2020., she was informed that she was (being a term employee) not being renewed, or rather her contract was not being renewed as a "term" employee prior to the expiration of her"term" in flagrant, intentional, wilful, wanton and malicious contravention to the "Agreement" that no actions more than a one (1) day suspension would be excessed against her for the alleged infraction. See: Exhibit "B" addended hereto (Agreement in full). The Plaintiff would respectfully show unto this Honorable Court that although this "Agreement" could be gleaned as an "implied contract", that due to a lack of ambiguity and vagueness it was also a contract implied in Law. (Agreement).

## DISPARATE TREATMENT

### "Protected Class"

#### I.

## DISPARATE TREATMENT BASED ON

### RACE

#### JAY PRINCE

White male employee employed at the Anniston Army Depot was caught sleeping on the Job twice (two times). Still employed at the depot.

#### II.

### KEVON PHILLIPS ( AGE )

Was in building 7 sleeping on the Job same day, still employed at the Anniston Army Depot. Young Black male.

-4.-

AUSTIN WILLIAMS (RACE)

(AGE)

_____

Young white man caught approximately three (3) times sleeping on the Job-still employed at the Anniston Army Depot.


It should further be noted  that the "Notification of Personnel Action resounds that your Plaintiff was granted an "Extended term Appointment NTE 08-Feb-2020. See: EX. "C" addended hereto and incorporated by reference verbatim herein.


## PRAYER

Your Plaintiff would respectfully set forth that the alleged violations herein and the deprivation of priviledges and immunities authorized by the U.S, Constitution was infringed upon by the defendants named herein as well as unnamed defendants and a-gents of the Anniston Army depot were intentional, systemactically and wantonly a case of class based racial discrimination. That the named defendants herein and to be named failed to prevent a flagrant violations of the Plaintiff's Constitutional Rights, 42 U.S.C. 1986. That the named defendants herein and to be named
Conspired to deprive the Plaintiff of his liberty interest in   securing gainful employment. 42 U.S.C. 1985. That the Anniston Army depot fail to prevent a violation of the Plaintiff's Constitutional Rights during arbitration/mediation. 42 U.S.C. 1986.

That due to the foregoing acts and omissions of the above named defendants, the Plaintiff Prays  as follows :

A. That for good cause shown, the named defendants herein rein-

   state the defendant's Job as said named defendant(s) herein

have intentionally, wantonly and with reckless disregard for the

rig(l)ts afforded your Plaintiff as named herein Breched the Agree-

ment  procured in Arbitration. See: EXs. 1 of A thru 7.

B. Punitive damages plus cost and interest in the following a-

   mount of $100,000(One Hundred Thousand Dollars) for a flagrant

   violations of Plaintiff's Constitutional Rights.

C. Compensatory damages in the following amount of Loss wages be-

   ginning from feb. 7 to _____ 2020.

D. Issue an declaratory Order that the Acts and Omissions by the

   named defendants was repugnant and vicious.

E. Injuctive relief prohibiting the named defendants from enga-

   ging in such policies and procedures in the future or from

retaliating against the Plaintiff in any manner or form for the

   Lawful exercise of her Constitutional Rights as set forth here

-in.

   F. Any and all other relief that this most Honorable Court deem

      -s just and proper.

IT IS SO PRAYED THIS 30 DAY OF March 2020.

                                    RESPECTFULLY SUBMITTED,

                                    Nellie Patton

                                    NELLIE PATTON, PRO SE
                                    300 Glenaddie Ave.
                                    Anniston, Al. 36201
                                    256 4990519 ____

## CONCLUSIONS

The Plaintiff would respectfully show unto this Honorable Court that this " Notice " is given to the Plaintiff in Good faith by your Plaintiff in the interest of Judicial Comity and to give the Plaintiffs named herein an opportunity to correct the flagrant violations of the Plaintiif in for the sake of Judicial Comity and needless litigation.

Your Plaintiff further Prays that if the named defendants have not corrected the violations alleged herein within 30 (Thirty) days, that said action be proceeded upon as an action pursuant to the above conferred jurisdiction of this most distinguished Court.

RESPECTFULLY SUBMITTED,

Nellie Patton

NELLIE PATTON, PRO SE

300 Glenaddie Ave

Anniston, Al, 36201

256 4990519



**DEPARTMENT OF THE ARMY**
ANNISTON ARMY DEPOT
7 FRANKFORD AVENUE
ANNISTON, ALABAMA   36201-4199



REPLY TO
ATTENTION OF:

TAAN-MPC

6 January 2020

MEMORANDUM FOR Ms. Nellie Patton, Painting Worker, WG-4102-07, Directorate of
Production, Clean, Finish & Paint Division, Vehicle Clean & Paint Branch (52F4)

SUBJECT: Proposed Suspension

1. This is to notify you of the proposed action to suspend you without pay for one (1) workday
effective no earlier than ten (10) calendar days after your receipt of this notice, for the offense of
Sleeping on Duty (two incidents).

2. The specific reasons in support of the above proposed action are as follows:

On 18 October 2019, at 4:48 a.m., Mr. Willis Martin, Night Shift Leader, observed you sleeping
in a chair by the paint booth in Building 409. Mr. Martin stood in front of you for five (5) minutes
before waking you by touching you on the shoulder. On 26 October 2019, at approximately 5:00
a.m., Mr. Martin again observed you sleeping – this time in the taping area of Building 409. He
walked off for a minute or two and talked to two employees that were sitting at the table next to you
and you still did not wake up. Mr. Martin woke you up at 5:05 a.m. by calling your name and
touching your shoulder.

3. Sleeping on duty creates a disruption to our scheduled operations. It can result in loss of
production and result in adverse effects on morale and the maintenance of proper discipline. This
type of conduct cannot and will not be tolerated.

4. In making this proposal, I took the following factors into consideration: your three (3) years of
Federal service; your Fully Successful and Exceptional performance evaluations; your training
record and your record of clear conduct. Notwithstanding those factors, sleeping on duty is a serious
offense, and it is inexcusable and unacceptable behavior especially since you were observed sleeping
on duty not just once, but twice. When you are sleeping on the job you are not being productive and
the mission of the agency is adversely impacted. It has a negative impact on the work product
provided to our most valued customer, the soldier in the field. Your actions are a disappointment to
me. I believe that any penalty less than a 1-workday suspension would be ineffective in impressing
upon you the seriousness of your misconduct. Since your actions, as described above, reflect
unfavorably upon you and result in adverse effects on morale, production, and the maintenance of
proper discipline, the proposed action is for such cause as will promote the efficiency of the Federal
service. The penalty selected in this proposed action is consistent with the Table of Penalties
contained in Appendix A to ANADR 690-9, Discipline and Adverse Personnel Actions, for a first
offense of this nature.

5. In accordance with the Negotiated Agreement between the Anniston Army Depot and Local
1945, American Federation of Government Employees, you have two options to respond to this
proposal. If you wish to make a reply to the proposal, follow the procedures set forth in paragraph 6.

If you wish to attempt to reach an agreement to an alternative to the proposed discipline, follow the procedures in paragraph 7.

6. You have the right to reply to this proposed action, orally and/or in writing, and to submit any reason why you believe it should not be effected. Affidavits or other documentary evidence may be furnished by you in support of your viewpoint. You also have the right to be represented by an attorney or union representative. If you designate someone to represent you in this matter, you must furnish the name of your representative to Mr. Wilburn Sparks, Division Chief, Cleaning, Finishing & Painting Division, in writing. You or your representative must submit your written and/or oral reply concerning this proposed action to the designated Deciding Official, Mr. Sparks, within ten (10) workdays after your receipt of this notice. Consideration will be given to extending this period if you submit a written request stating your reason for desiring more time.

7. You have the opportunity to participate in Anniston Army Depot's Alternative to Traditional Discipline (ATD) Program. If you choose to participate in the ATD Program, you or your representative must notify the designated Deciding Official, Mr. Sparks, of your intent to participate in the program within ten (10) workdays after your receipt of this notice. Once you do that, the following procedures will apply:

a. After you notify Mr. Sparks of your intent to participate in the ATD Program, you or your representative will contact Mr. Sparks within five (5) working days of giving notice of your intent to participate in the ATD program to arrange a mutually agreeable time frame for the ATD meeting.

b. This meeting will be held within fifteen (15) workdays of the day you notify Mr. Sparks of your intent to participate in the ATD Program. If you and your representative and Mr. Sparks cannot agree within fifteen (15) workdays to a date for the ATD meeting, your representative will have the opportunity to submit a response to the proposed action before the end of the fifteen (15) workday period. The failure of you or your representative to participate in the ATD meeting during the fifteen (15) workday period, or to obtain a mutually agreed extension, will be considered a withdrawal of the ATD request.

c. If either you or Mr. Sparks do not accept the ATD, you or your representative have ten (10) workdays to submit a written and/or oral reply concerning this proposed action to Mr. Sparks.

8. Any reply you make will receive full and careful consideration. Mr. Sparks will issue a written decision promptly, ordinarily within ten (10) workdays of receiving your response. Additional time may be necessary to analyze the response and perform additional inquiry, to ensure that the appropriate decision is made.

9. Ms. Sandra Carpenter, Human Resources Specialist (LMER), Civilian Personnel Advisory Center, Building 7, Room 236D, can answer any questions you may have in relation to this letter. Her telephone number is 256-235-7860.

10. ALTHOUGH A PROPOSAL IS NOT AN APPEALABLE ACTION, YOU COULD HAVE APPEAL RIGHTS IF AND WHEN A DECISION IS ISSUED. YOU ARE BEING PROVIDED ADVANCE NOTICE OF THOSE RIGHTS. NOTICE OF ACTUAL APPEAL RIGHTS WILL BE

CONTAINED IN THE DECISION LETTER IF ONE IS ISSUED. NONE OF THESE RIGHTS APPLY AT THIS TIME.

In the event a final decision is issued, you may choose from the options outlined below. You may choose only one method, and the one you chose first is considered your binding election.

Option 1. **Mixed-Case Equal Employment Opportunity** (EEO) Complaint
In the alternative, you may choose to file an EEO complaint if you believe the decision once issued in this matter was based on your race, color, religion, sex, national origin, age, physical or mental disability, genetic information (under Title 2 of the Genetic Information Nondiscrimination Act (GINA) of 2008) and/or reprisal for prior protected EEO activity. You must initiate contact with an Army EEO Office within 45 days of the effective date of the action. Your contact can be in person, by telephone, or in writing. Your servicing EEO Office is identified as:

> EEO Office
> Anniston Army Depot
> 7 Frankford Ave
> Anniston, AL 36201-4199
> (256) 235-6201
> FAX (256) 235-4931

Procedures: Should you elect this option, your complaint will be processed in accordance with Equal Employment Opportunity Commission Regulations found at Title 29, Code of Federal Regulations, Part 1614, and, specifically Section 1614.302. A copy of this section will provided to you if a decision is rendered. Because the complaint will involve a personnel action that also can be appealed to the MSPB, the complaint is called a "mixed-case" EEO complaint and has some different procedural requirements than a "non-mixed" EEO complaint. Your procedural rights under this option include an agency investigation of your complaint, an agency decision and then the right to appeal to the MSPB.

Option 2. **Whistleblowing reprisal complaint** with the U.S. Office of Special Counsel and option of a subsequent Individual Right of Action ("IRA") appeal to the MSPB
In the alternative, if you believe the action is related to your prior whistleblowing activity (making protected disclosures), you have the option to file a complaint with the U.S. Office of Special Counsel (OSC). "Whistleblowing" is the disclosure of information that an individual reasonably believes shows a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health or safety. There is no specific time limit for filing a complaint with the OSC. You can file by mail or facsimile using the required OSC Form 11, which will be provided to you if a decision is issued, or by using the electronic filing option on the OSC website at www.osc.gov. For mail or facsimile, you may send OSC Form 11 to the following address/number:

> Complaints Examining Unit
> Office of Special Counsel
> 1730 M Street, N.W. (Suite 218)
> Washington, DC 20036-4505

Facsimile: (202) 254-3711

To electronically file a complaint with OSC, follow the instructions provided on the OSC website at www.osc.gov. Should you elect the option to file an OSC complaint, it will be processed in accordance with the regulations found at Title 5, Code of Federal Regulations, Part 1209 (2012), a copy of which will be provided to you if a decision is issued. If OSC fails to complete its review of your whistleblower reprisal allegation within 120 days after it receives your complaint, or if it closes your complaint at any time
without seeking corrective action on your behalf, you will have the right to file an Individual Right of Action (IRA) appeal with the MSPB.
Important information: The scope of MSPB's review of this action in an IRA appeal is more restricted than in a direct appeal to the Board, as outlined in Option 1, above. In an IRA appeal, the Board is limited to determining if you demonstrate that one or more whistleblowing disclosures were a contributing factor in the agency taking an action and, if so, whether the agency has demonstrated by clear and convincing evidence that it would have taken the same action in the absence of your protected disclosure(s). The Board will not consider allegations of harmful procedural error or prohibited discrimination. Furthermore, the agency is not required to prove the basis of the action or establish that it was taken "only for such cause as will promote the efficiency of the service." However, the Board may consider the strength of the agency's evidence supporting the action in determining whether the agency has demonstrated by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosures.

Option 3. You have the option to elect to file a grievance under the negotiated grievance procedure under the provisions of Article 25 of the Negotiated Agreement dated 24 November 2009, between Anniston Army Depot and Local 1945, American Federation of Government Employees. If you elect to file a grievance, any such grievance must be initiated in accordance with the grievance procedures contained in Article 25 of the Negotiated Agreement within 15 workdays after the effective date of the action. If a decision is rendered you will be provided a copy of Article 25 and the form used to initiate the grievance. The grievance must be submitted using the form attached to Article 25 and submitted to the Deciding Official who signs your decision letter, if issued. Your grievance must be in writing, should identify you by name, title, grade and organizational unit, and should specify the exact nature of the issue(s) you are grieving, as well as the remedial relief that you seek. You have the right to Union representation at any stage of a grievance related to this action.

Option 4. If you believe this decision fails to comply with the provisions of Chapter 43 of Title 38 of the United States Code relating to the employment or reemployment rights or benefits to which a person is entitled after service in the uniformed services, you may file an appeal with the Merit Systems Protection Board. An appeal should be directed to the Regional Director, Merit Systems Protection Board (MSPB), 401 West Peachtree Street, NW, 10th Floor, Atlanta, Georgia 30308-3519. Filing must be made by either personal delivery during normal business hours to the above address, by mail addressed to that office, or by facsimile at (404) 730-2767. As an alternative, an appeal may also be filed electronically by using the Internet filing option available at the Board's website at https://e-appeal.mspb.gov/.

5 of 13"

Option 5. If you believe the action based on a decision, rendered by the deciding official, discriminated against you on the basis of your race, color, genetics (under Title 2 of the Genetic Information Nondiscrimination Act (GINA) of 2008), religion, sex, national origin, age, or qualifying handicap, or because of reprisal due to past participation in protected activity, you may file a complaint of discrimination with ANAD EEO Office, or you may file an appeal with the Merit Systems Protection Board as previously described. However, you may not file both. Should you elect to file a complaint of discrimination, your complaint will be processed in accordance with Equal Employment Opportunity Commission Regulations at 29 C.F.R. 1614, subpart A. Should you elect to file an appeal with the Merit Systems Protection Board, your appeal will be processed in accordance with Merit Systems Protection Board Regulations at 5 C.F.R., subpart D.

11. You currently should review your options in paragraphs 5 through 8 above as they relate to the current proposal letter you are being issued.

12. You will continue to be in a duty status during this notice period unless you request leave and such leave is approved.

DEARISE Q. DUNCAN
Painter Supervisor
Clean, Finish & Paint Division
Directorate of Production

CF:
DIV
CPAC

Please acknowledge receipt of this notice in the spaces provided below. Acknowledgement in no way constitutes concurrence or non-concurrence with the contents.

Employee's signature and date of receipt

Signature                                    Date

## ALTERNATIVE TO TRADITIONAL DISCIPLINE (ATD) AGREEMENT

1. This agreement is entered into as an alternative to traditional discipline for the offense of Sleeping on Duty (two incidents) on the part of the employee, Ms. Nellie Patton. Specifically:

On 18 October 2019, at 4:48 a.m., Mr. Willis Martin, Night Shift Leader, observed Ms. Patton sleeping in a chair by the paint booth in Building 409. Mr. Martin stood in front of her for five (5) minutes before waking her by touching her shoulder. On 26 October 2019, at approximately 5:00 a.m., Mr. Martin again observed Ms. Patton sleeping – this time in the taping area of Building 409. He walked off for a minute or two and talked to two employees that were sitting at the table next to her and she still did not wake up. Mr. Martin woke Ms. Patton up at 5:05 a.m. by calling her name and touching her shoulder.

2. A one (1) workday suspension is considered an appropriate traditional disciplinary action to propose and is in accordance with the Department of Army Table of Penalties for various offenses, cited in Anniston Army Depot Regulation 690-9, Appendix A.

3. The following conditions are agreed to between the parties as an alternative to proceeding with traditional discipline and a decision letter being rendered on the proposed action. This procedure normally would include Ms. Patton's response, if any, a decision letter based on the merits of the case and any mitigating factors, and Ms. Patton's right to grieve or appeal any disciplinary action which may have been taken.

a. Ms. Patton recognizes the ramifications of her actions and is remorseful and takes full ownership for her behavior. She understands that sleeping on the job is not being productive and that the mission of the agency is impacted. She promises that her conduct in the future will be above reproach and this type of behavior will not be repeated.

b. In lieu of a one (1) workday suspension with loss of duty and pay, Ms. Patton's disciplinary action will be limited to a Written Reprimand. This ATD Agreement will serve as the Written Reprimand and will be filed in Ms. Patton's electronic Official Personnel File (eOPF) for a period of one (1) year from the date of the signing of this agreement. This Written Reprimand is for the offense of Sleeping on Duty.

c. Ms. Patton also agrees and understands that if she commits a future violation or misconduct of any nature within one year of the signing of this agreement, the circumstances of this offense and the conditions of this agreement will be on record in her adverse action file and will be considered in assessing the penalty for that offense and it will be considered her 2nd offense.

4. Ms. Patton and her representative, in exchange for good and valuable consideration received, waive any and all appeal rights with respect to the matters covered by this agreement and the agreement itself, including any adverse action taken as the result of

a failure to carry out the terms and conditions of this agreement.  These appeal rights include, but are not limited to, appeal rights to the Merit Systems Protection Board, grievance and arbitration procedures of any kind, USERRA claims, Unfair Labor Practice claims, EEO administrative complaint or review and appeal procedures and rights and claims under the Age Discrimination in Employment Act (ADEA) (except with respect to allegations of discrimination arising from events which transpire subsequent to the execution of this agreement), and judicial review or appeals of any kind.

5.  Ms. Patton freely and voluntarily agrees to these conditions.  She has had ample time to consider this agreement and its conditions and to seek advice from an attorney, representative or others.  She fully understands that she could have declined this agreement, which is an alternative to traditional discipline, at which point disciplinary action would have been pursued under traditional disciplinary or adverse action procedures.

6.  Ms. Patton understands that if this case had been pursued under traditional disciplinary or adverse action procedures, she would have been entitled to make an oral and/or written reply to the proposal letter she received, for management's consideration in making a final decision on the action.  In accepting this agreement, she has waived her right to reply to that proposal, and have her response considered before a final decision is made on the action, as well as her right to further grieve or appeal the decision.  The terms of this ATD Agreement will not establish any precedent nor will it be used as a basis by the employee, his representative, or any other employee, their representative, or any representative organization, as justification for similar terms in any subsequent case.

7.  The parties have executed this agreement as of the last date listed below.  This agreement, upon execution, will be filed in the temporary section of Ms. Patton's electronic Official Personnel File (eOPF) and a copy will be placed in her adverse action file for administrative purposes, such as GAP award entitlement.  This will resolve the disciplinary aspects of this incident; however, the underlying conduct could affect other aspects of employment such as security clearances, access to controlled/restricted areas, password determinations, and CPRP reliability determinations.

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| EMPLOYEE | DATE | EMPLOYEE'S REPRESENTATIVE | DATE |
| _____ | _____ | _Sandra K Carpenter_ | _01/29/2020_ |
| DECIDING OFFICIAL | DATE | CPAC REPRESENTATIVE | DATE |

EX 2 OF A

Memorandum for Record                                    20 December 2019

While making my rounds in building 433 after the 3:30 AM break on Friday 20 December I couldn't find Nellie Patton. After walking the building I went to the upstairs breakroom and looked through the window and saw Ms. Patton sound asleep at 4:05 AM. I watched her for several minutes before I opened the door and went in and sat down at the table she was at. She never woke up until I called her name.

I told her to please wake up and get back to work and reminded her that this wasn't the first time she had been caught sleeping on the job.

*Chris S. William*

Chris S. Williams

Chief of Production

Night Shift Operations

*EX. "A"*

Memorandum for Record:                                                    18 October 2019

On 18 October 2019 at 4:18 A.M. I came across Nellie Patton asleep beside the paint booth in building 409 in a chair with no one around her. I stood in front of her for five minutes before I woke her up by touching her on her shoulder. She woke up and I advised her that she should get up and walk around.

Willis Martin

3 times
They only have
2 of them in here.

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle)<br>PATTON, NELLIE NMN | 2. Social Security Number<br>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 | 3. Date of Birth<br>09-21-1953 | 4. Effective Date<br>02-16-2020 |
|---|---|---|---|

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code<br>893 | 5-B. Nature of Action<br>Reg WRI | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code<br>VUL | 5-D. Legal Authority<br>5 U.S.C. 5343(e)(2) | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number<br>PAINTING WORKER<br>11518 - 2990009 | | | | | 15. TO: Position Title and Number<br>PAINTING WORKER<br>11518 - 2990009 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 8. Pay Plan<br>WG | 9. Occ. Code<br>4102 | 10. Grade/Level<br>07 | 11. Step/Rate<br>03 | 12. Total Salary<br>$21.02 | 13. Pay Basis<br>PH | 16. Pay Plan<br>WG | 17. Occ. Code<br>4102 | 18. Grade/Level<br>07 | 19.Step/Rate<br>04 | 20. Total Salary/Award<br>$21.83 | 21. Pay Basis<br>PH |

| 12A. Basic Pay<br>$21.02 | 12B. Locality Adj.<br>$0 | 12C. Adj. Basic Pay<br>$21.02 | 12D. Other Pay<br>$0 | 20A. Basic Pay<br>$21.83 | 20B. Locality Adj.<br>$0 | 20C. Adj. Basic Pay<br>$21.83 | 20D. Other Pay<br>$0 |
|---|---|---|---|---|---|---|---|

| 14. Name and Location of Position's Organization<br>US ARMY TACOM, ANNISTON ARMY DEPOT<br>DIRECTORATE OF PRODUCTION<br>CLEAN, FINISH & PAINT DIVISION<br>VEHICLE CLEAN & PAINT BRANCH<br>ANNISTON, AL  36201          52F4 | 22. Name and Location of Position's Organization<br>US ARMY TACOM, ANNISTON ARMY DEPOT<br>DIRECTORATE OF PRODUCTION<br>CLEAN, FINISH & PAINT DIVISION<br>VEHICLE CLEAN & PAINT BRANCH<br>ANNISTON, AL  36201          52F4 |
|---|---|

### EMPLOYEE DATA

| 23. Veterans Preference<br>1 - None  2 - 5-Point  3 - 10-Point/Disability  4 - 10-Point/Compensable  5 - 10-Point/Other  6 - 10-Point/Compensable/30%<br>**1** | 24. Tenure<br>0 - None  1 - Permanent  2 - Conditional  3 - Indefinite<br>**3** | 25. Agency Use | 26. Veterans Preference for RIF<br>YES  **X** NO |
|---|---|---|---|
| 27. FEGLI<br>**D0**  Basic + Option A | 28. Annuitant Indicator<br>**9** | | 29. Pay Rate Determinant<br>**0** |
| 30. Retirement Plan<br>**KF**  FERS (FRAE) FICA | 31. Service Comp. Date (Leave)<br>02-20-2015 | 32. Work Schedule<br>**F**  Full-Time | 33. Part-Time Hours Per Biweekly Pay Period |

### POSITION DATA

| 34. Position Occupied<br>1 - Competitive Service  2 - Excepted Service  3 - SES General  4 - SES Career Reserved<br>**1** | 35. FLSA Category<br>**N**  E - Exempt  N - Nonexempt | 36. Appropriation Code<br>MDEM0000000 | | 37. Bargaining Unit Status<br>AR1954 |
|---|---|---|---|---|
| 38. Duty Station Code<br>010100015 | 39. Duty Station (City - County - State or Overseas Location)<br>ANNISTON / CALHOUN / ALABAMA | | | |
| 40. Agency Data | 41.<br>PON# OA | 42. | 43. | 44.<br>TDA DATA X7/W0LXAA/394/06 |

45. Remarks

**Work performance is at an acceptable level of competence.**

| 46. Employing Department or Agency<br>U.S. Army Tank-Automotive & Armament Cmnd (TACOM) (ARX7) | 50. Signature/Authentication and Title of Approving Official<br>Chadwick L. Siedschlaw<br>Director CHRA NC Region |
|---|---|
| 47. Agency Code<br>ARX7 | 48. Personnel Office ID<br>1991 | 49. Approval Date<br>02-08-2020 | |

5-Part 50-316

TURN OVER FOR IMPORTANT INFORMATION

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

ALTERNATIVE TO TRADITIONAL DISCIPLINE (ATD) AGREEMENT

1. This agreement is entered into as an alternative to traditional discipline for the offense of Sleeping on Duty (two incidents) on the part of the employee, Ms. Nellie Patton. Specifically:

On 18 October 2019, at 4:48 a.m., Mr. Willis Martin, Night Shift Leader, observed Ms. Patton sleeping in a chair by the paint booth in Building 409. Mr. Martin stood in front of her for five (5) minutes before waking her by touching her shoulder. On 26 October 2019, at approximately 5:00 a.m., Mr. Martin again observed Ms. Patton sleeping – this time in the taping area of Building 409. He walked off for a minute or two and talked to two employees that were sitting at the table next to her and she still did not wake up. Mr. Martin woke Ms. Patton up at 5:05 a.m. by calling her name and touching her shoulder.

2. A one (1) workday suspension is considered an appropriate traditional disciplinary action to propose and is in accordance with the Department of Army Table of Penalties for various offenses, cited in Anniston Army Depot Regulation 690-9, Appendix A.

3. The following conditions are agreed to between the parties as an alternative to proceeding with traditional discipline and a decision letter being rendered on the proposed action. This procedure normally would include Ms. Patton's response, if any, a decision letter based on the merits of the case and any mitigating factors, and Ms. Patton's right to grieve or appeal any disciplinary action which may have been taken.

a. Ms. Patton recognizes the ramifications of her actions and is remorseful and takes full ownership for her behavior. She understands that sleeping on the job is not being productive and that the mission of the agency is impacted. She promises that her conduct in the future will be above reproach and this type of behavior will not be repeated.

b. In lieu of a one (1) workday suspension with loss of duty and pay, Ms. Patton's disciplinary action will be limited to a Written Reprimand. This ATD Agreement will serve as the Written Reprimand and will be filed in Ms. Patton's electronic Official Personnel File (eOPF) for a period of one (1) year from the date of the signing of this agreement. This Written Reprimand is for the offense of Sleeping on Duty.

c. Ms. Patton also agrees and understands that if she commits a future violation or misconduct of any nature within one year of the signing of this agreement, the circumstances of this offense and the conditions of this agreement will be on record in her adverse action file and will be considered in assessing the penalty for that offense and it will be considered her 2nd offense.

4. Ms. Patton and her representative, in exchange for good and valuable consideration received, waive any and all appeal rights with respect to the matters covered by this agreement and the agreement itself, including any adverse action taken as the result of

a failure to carry out the terms and conditions of this agreement. These appeal rights include, but are not limited to, appeal rights to the Merit Systems Protection Board, grievance and arbitration procedures of any kind, USERRA claims, Unfair Labor Practice claims, EEO administrative complaint or review and appeal procedures and rights and claims under the Age Discrimination in Employment Act (ADEA) (except with respect to allegations of discrimination arising from events which transpire subsequent to the execution of this agreement), and judicial review or appeals of any kind.

5. Ms. Patton freely and voluntarily agrees to these conditions. She has had ample time to consider this agreement and its conditions and to seek advice from an attorney, representative or others. She fully understands that she could have declined this agreement, which is an alternative to traditional discipline, at which point disciplinary action would have been pursued under traditional disciplinary or adverse action procedures.

6. Ms. Patton understands that if this case had been pursued under traditional disciplinary or adverse action procedures, she would have been entitled to make an oral and/or written reply to the proposal letter she received, for management's consideration in making a final decision on the action. In accepting this agreement, she has waived her right to reply to that proposal, and have her response considered before a final decision is made on the action, as well as her right to further grieve or appeal the decision. The terms of this ATD Agreement will not establish any precedent nor will it be used as a basis by the employee, his representative, or any other employee, their representative, or any representative organization, as justification for similar terms in any subsequent case.

7. The parties have executed this agreement as of the last date listed below. This agreement, upon execution, will be filed in the temporary section of Ms. Patton's electronic Official Personnel File (eOPF) and a copy will be placed in her adverse action file for administrative purposes, such as GAP award entitlement. This will resolve the disciplinary aspects of this incident; however, the underlying conduct could affect other aspects of employment such as security clearances, access to controlled/restricted areas, password determinations, and CPRP reliability determinations.

| _Nellie Patton_ | 1/29/2020 | | |
| --- | --- | --- | --- |
| EMPLOYEE | DATE | EMPLOYEE'S REPRESENTATIVE | DATE |

| _[signature]_ | 11/30/2020 | _Sandra K Carpenter_ | 01/29/2020 |
| --- | --- | --- | --- |
| DECIDING OFFICIAL | DATE | CPAC REPRESENTATIVE | DATE |