IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **NELLIE PATTON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 1:20-cv-00441-ACA |
| ] | |
| **ANNISTON ARMY DEPOT,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

Before the court is Defendant Anniston Army Depot's ("the Depot") unopposed motion to dismiss the complaint. (Doc. 15). The court **WILL GRANT** the motion to dismiss and **WILL DISMISS** this action **WITHOUT PREJUDICE** in part for failure to state a claim and in part for failure to exhaust administrative remedies.

### I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F. 3d 1261, 1265 (11th Cir. 2012). Because Ms. Patton attached to her complaint several documents relating to her employment with the Depot, the court also considers those attachments. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally

consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

Ms. Patton is a 66 year old black female. (Doc. 1 at 3). The Depot employed her as a painter under a term contract. (*Id.* at 1, 8). Although she had "an impeccable work ethic, attendance, and performance," she was caught sleeping on the job three times—once on October 18, 2019, once on October 26, 2019, and once on December 20, 2019. (Doc. 1 at 2, 15).

In January 2020, the Depot's Painter Supervisor issued a memorandum to Ms. Patton proposing to suspend Ms. Patton for one day based on the first two times that Ms. Patton was caught sleeping on the job, in October 2019. (Doc. 1 at 8–12). This memorandum did not mention the December 2019 incident. (*See id.*). The memorandum offered Ms. Patton the option to take part in the Depot's Alternative to Traditional Discipline Program, which she did. (*Id.* at 9; *see id.* at 3, 18–19). After participating in the Program, Ms. Patton and the Depot agreed that Ms. Patton would receive a written reprimand instead of a suspension. (*Id.* at 18). Based on this agreement, she expected that the Depot would continue her term contract, but on February 3, 2020, the Depot informed her that it was not renewing the contract. (*Id.* at 3–4).

Ms. Patton alleges that other employees have been caught sleeping on the job but remain employed by the Depot. (Doc. 1 at 4–5). Specifically, she points to Jay Prince, a white male employee who was caught sleeping on the job twice; Kevon Phillips, a young black male employee who was found sleeping on the job on the same day as she was; and Austin Williams, a young white male employee caught sleeping on the job three times. (*Id.*).

Construed liberally, Ms. Patton asserts claims for: (1) violation of due process; (2) violation of equal protection; (3) conspiracy to interfere with her civil rights, under 42 U.S.C. §§ 1985 and 1986; (4) violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)[1]; (5) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, as amended by the Civil Rights Act of 1991, Pub. L. 102-11, 105 Stat. 1071; (6) violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*; (7) violation of 5 U.S.C. § 2302(b), as amended by the Civil Service Reform Act of 1978, Pub. L. 95-454, 92 Stat. 1111; and (8) violation of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.* (Doc. 1).

---

[1] Ms. Patton actually cites to the Age Discrimination Act of 1975, which prohibits "discrimination on the basis of age in programs or activities receiving Federal financial assistance." 42 U.S.C. § 6101. Because Ms. Patton's claims clearly relate to her employment, not to programs receiving federal financial assistance, the court construes her claims as being brought under the ADEA, which prohibits age discrimination in employment.

## II.     DISCUSSION

The Depot moves to dismiss Ms. Patton's complaint. (Doc. 15). "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quotation marks omitted).

### 1.     NLRA and Civil Rights Act of 1968

The Depot moves to dismiss Ms. Patton's claims under the NLRA and the Civil Rights Act of 1968 on the basis that she alleged no facts supporting a claim under either statute. (Doc. 15 at 9 n.2). The court agrees. The NLRA relates to unfair labor practices such as interference in the right of employees to organize and collectively bargain. 29 U.S.C. § 158. The Civil Rights Act of 1968 relates to fair housing. *See* 42 U.S.C. § 3061 *et seq.* Ms. Patton's complaint does not assert any facts relating to labor practices or fair housing. Accordingly, the court **WILL GRANT** the motion to dismiss Ms. Patton's claims under the NLRA and the Civil Rights Act of 1968 **WITHOUT PREJUDICE** for failure to state a claim.

4

2.   The Civil Service Reform Act

The Depot moves to dismiss Ms. Patton's remaining claims for failure to exhaust administrative remedies, and alternatively for failure to state a claim. (Doc. 15 at 9–18). The court concludes that Ms. Patton's constitutional claims are precluded by the Civil Service Reform Act, and that she failed to exhaust her Title VII and ADEA claims.

The Civil Service Reform Act "establishes a framework for evaluating personnel actions taken against federal employees." *Kloeckner v. Solis*, 568 U.S. 41, 44, (2012); *see also* 5 U.S.C. § 2302(b). It is the "exclusive remedy of the federal employee," even for alleged deprivations of constitutional rights. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1575 (11th Cir. 1990); *see also Wells v. F.A.A.*, 755 F.2d 804, 809–10 (11th Cir. 1985) (holding that the Civil Service Reform Act's remedies precluded a plaintiff's due process claim brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971)).

The Depot is a federal employer, and Ms. Patton's complaint alleges that she is a covered employee under the Civil Service Reform Act. (*See* Doc. 1 at 1). As a result, the Act precludes her due process, equal protection, and conspiracy claims. *See Stephens*, 901 F.2d at 1575; *Wells*, 755 F.2d at 809–10. The court **WILL**

**GRANT** the motion to dismiss and **WILL DISMISS** Ms. Patton's due process, equal protection, and conspiracy claims **WITHOUT PREJUDICE**.

Ms. Patton is also bound by the requirement to exhaust administrative remedies before resorting to judicial review. Where a federal employee challenges a serious personnel action, such as termination of employment, and alleges that the action violates a federal statute such as Title VII or the ADEA, the employee has two choices for administratively exhausting the claim: she may either file a discrimination complaint with the federal agency's equal employment opportunity office, or alternatively appeal directly to the Merit Systems Protection Board ("MSPB"). *Kloeckner v. Solis*, 568 U.S. 41, 45 (2012); *see also Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1980 (2017). If the employee elects to file a complaint with the agency, "the employee may then either take the matter to the [Merit Systems Protection Board] or bypass further administrative review by suing the agency in district court." *Kloeckner*, 568 U.S. at 45.

Here, Ms. Patton's complaint gives no indication that she used either process. (*See generally* Doc. 1). After the Depot moved to dismiss the complaint for Ms. Patton's failure to exhaust administrative remedies, the court ordered Ms. Patton to respond with any evidence she had of administrative exhaustion. (Doc. 18 at 1). She did not respond. She therefore has not established that she exhausted her administrative remedies with respect to her claims brought under Title

6

VII and the ADEA. The court **WILL GRANT** the Depot's motion to dismiss and **WILL DISMISS** those claims **WITHOUT PREJUDICE**.

### III. CONCLUSION

The court **WILL GRANT** the Depot's motion to dismiss and **WILL DISMISS** the complaint **WITHOUT PREJUDICE** in part for failure to state a claim and in part for failure to exhaust administrative remedies.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this October 26, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE